UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TERRI DULUDE                              :
    *Plaintiff*                          :
                                          :
v.                                        :        C.A. No.
                                          :
SUN LIFE ASSURANCE COMPANY                :
OF CANADA                                 :
    *Defendant*                          :

# COMPLAINT

Now comes the Plaintiff in the above entitled matter and complains as follows:

## Nature of Action

1. This is an action seeking an award to Plaintiff of long-term disability ("LTD") benefits and life insurance waiver of premium ("LWOP") benefits under the flexible benefits plan (the "Plan") established by Care New England. The LTD and LWOP benefits are administered and insured by Sun Life Assurance Company of Canada ("Sun Life") under group term insurance policy number 7896-001 (the "Policy").

2. Plaintiff seeks recovery of benefits pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

3. At all relevant times, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1), and as a result of her employment, Plaintiff was qualified under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Parties

4. Plaintiff, Terri Dulude, is and was at all relevant times a resident of the State of Rhode Island.

5. Defendant, Sun Life Assurance Company of Canada, upon information and belief, was at all relevant times an insurance company registered to do business in Rhode Island and having a usual place of business located at One Sun Life Executive Park SC 3318, Wellesley Hills, MA 02481.

## Jurisdiction and Venue

6. At all relevant times, Defendant had sufficient minimum contacts within the State of Rhode Island to satisfy the requirements for personal jurisdiction pursuant to Rhode Island's Long Arm Statute.

7. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA), and in particular 29 U.S.C. §1132(e)(1) and §1132(f).  In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

8. ERISA provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.  The administrative appeal process has been exhausted, is satisfied, and this dispute is ripe for suit.

9. Venue is proper in this Court because Plaintiff is a resident of the State of Rhode Island, and Defendant is subject to this Court's personal jurisdiction with respect to this action. 28 U.S.C. §1391(c)(2).

## Statements of Fact

10. Ms. Dulude was a quality assurance coordinator for Kent Hospital.

11. Ms. Dulude became totally disabled under the terms of the Plan on or about February 10, 2015 due to a multitude of conditions including, but not limited to, a herniated cervical disc and radiculopathy, migraines, fibromyalgia, osteoarthritis, anxiety, and depression.

12. Ms. Dulude applied to Sun Life for LTD and LWOP benefits under the Plan.

13. Sun Life investigated and determined that Ms. Dulude was totally disabled and entitled to both LTD and LWOP benefits under the terms of the Plan.

14. Sun Life continued to approve LTD and LWOP benefits for three years.

15. Contrary to the clear weight of the evidence, Sun Life concluded that Ms. Dulude was not disabled and terminated her LTD and LWOP benefits in August of 2018.

**Ms. Dulude appealed Sun Life's benefit denial**

16. Ms. Dulude filed an administrative appeal of Sun Life's LTD and LWOP benefit denial on February 15, 2019 and completed her appeal submission on March 21, 2019.

17. In support of her appeal, Ms. Dulude provided Sun Life with updated medical records, a functional capacity evaluation ("FCE"), a neuropsychological evaluation, and a vocational report, which supported her continued entitlement to LTD and LWOP benefits.

18. Sun Life was subject to statutory and internal guidelines that set strict deadlines for completion of an appeal review.

19. Under the Policy which governs Ms. Dulude's LTD and LWOP benefits, Sun Life has a duty to notify a claimant of its benefit determination on review as follows:

> Sun Life will review the claim on receipt of the written request for review, and will notify the claimant of Sun Life's decision within a reasonable time but not later than 45 days after the request has been received. If an extension of time is required to process the claim, Sun Life will notify the claimant in writing of the special circumstances requiring the extension and the date by which Sun Life expects to make a determination on review. The extension cannot exceed a period of 45 days from the end of the initial review period.
>
> If a period of time is extended because the claimant failed to provide necessary information, the period for making the decision

on review is tolled from the date Sun Life sends notice of the extension to the claimant until the date on which the claimant responds to the request for additional information.

20. The U.S. Department of Labor Regulations ("DOL Regulations") promulgated pursuant to ERISA Sections 503 and 505, 29 U.S.C. §§ 1133, 1135, provide the following:

> (i) Timing of benefit determination on review –
> (1) In general.
> (i) . . . the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances . . . require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 60-day period. In no event shall such extension exceed a period of 60 days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.
> . . .
> (3) Disability claims.
> (i) . . . claims involving disability benefits (whether the plan provides for one or two appeals) shall be governed by paragraph (i)(1)(i) of this section, except that a period of 45 days shall apply instead of 60 days for purposes of that paragraph.
>
> . . .
>
> (4) Calculating time periods. For purposes of paragraph (i) of this section, the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

4

        29 C.F.R. §§ 2560.503-1(i)(1)(i), 2560.503-1(i)(3)(i), 2560.503-1(i)(4).

21. On April 19, 2019, 29 days after Ms. Dulude completed her appeal, Sun Life requested the raw data from Ms. Dulude's neuropsychological evaluation and stated that it was tolling the time period to render an appeal decision until the raw data was received.

22. Sun Life received the raw data on May 20, 2019.

23. Taking the tolled time period into account, Sun Life's appeal decision was due by June 8, 2019.

24. On June 7, 2019, Sun Life sent a letter to Ms. Dulude, which stated that it was taking a 45-day extension to render a decision on Ms. Dulude's appeal because one of its medical records assessments was not complete. Sun Life stated that it expected to make its decision by July 23, 2019.

25. Ms. Dulude wrote to Sun Life on June 12, 2019, objecting to its decision to take a 45-day extension to render an appeal decision because there were no special circumstances warranting an extension.

26. On June 14, 2019, 85 days after Ms. Dulude completed her appeal, Ms. Dulude received a letter from Sun Life, providing the assessments of Sun Life's file review consultants, James Pier, Ph.D. and Heidi Klingbeil, M.D, for Ms. Dulude "to review and respond to." Sun Life's letter also stated that "Sun Life will have until July 23, 2019 to render an appeal decision provided you submit your response by July 5, 2019."

27. Ms. Dulude submitted her response to Sun Life on July 12, 2019. Consequently, per Sun Life's June 14, 2019 letter, Sun Life's appeal decision was then due by July 30, 2019.

28. Ms. Dulude's July 12, 2019 letter rebutted Sun Life's file review opinions and explained why they were incorrect.

29. Sun Life should have reinstated benefits after receiving Ms. Dulude's July 12, 2019 letter. Sun Life chose not to do so. Instead, Sun Life worked to develop a record to support its arbitrary and capricious benefit denial.

**Sun Life failed to render a decision on appeal**

30. On July 18, 2019, 119 days after Ms. Dulude completed her appeal, Sun Life wrote to Ms. Dulude, stating: "after reviewing your submission, we have determined that a comprehensive Functional Capacity Examination (FCE) should be conducted."

31. It was unreasonable for Sun Life to require Ms. Dulude to submit to an FCE, given that Sun Life already possessed more than sufficient evidence establishing her entitlement to her full LTD and LWOP benefits, and given that Ms. Dulude had recently undergone an FCE and submitted the report with her appeal.

32. Upon information and belief, Sun Life did not have a good faith basis for sending Ms. Dulude for an FCE.

33. Upon information and belief, Sun Life requested an FCE in an effort to develop a record to support its arbitrary and capricious benefit denial.

34. Ms. Dulude wrote to Sun Life on July 23, 2019 and objected to having to submit to an FCE.

35. On July 24, 2019, 125 days after Ms. Dulude completed her appeal, Sun Life wrote to Ms. Dulude and stated that, in addition to requesting an FCE, it was going to send Ms. Dulude's claim file for a third file review.

36. On July 24, 2019, Ms. Dulude wrote to Sun Life, continuing to object to its FCE request and objecting to Sun Life's decision to obtain a third file review.

37. Upon information and belief, Sun Life requested the third file review in an effort to develop a record to support its arbitrary and capricious benefit denial.

38. Ms. Dulude did not attend the FCE Sun Life scheduled.

39. On July 30, 2019, 131 days after Ms. Dulude completed her appeal, Ms. Dulude received a letter from Sun Life, providing the report of Sun Life's third file review consultant, Katherine Herzog, M.D, for Ms. Dulude to review and comment on. Sun Life's letter further stated: "While we await your comments, the appeal review timeframe is tolled. Upon receiving your response, we will proceed with our review."

40. Sun Life provided Dr. Herzog's assessment on the day its appeal decision was due.

41. Ms. Dulude submitted her response to Sun Life on August 20, 2019, which rebutted Dr. Herzog's opinion and explained why it was incorrect.

42. Instead of approving benefits after receiving Ms. Dulude's August 20, 2019 letter, Sun Life continued to work to develop a record to support its arbitrary and capricious benefit denial.

43. On August 21, 2019, 153 days after Ms. Dulude completed her appeal, Sun Life wrote to Ms. Dulude, advising that it would further delay its decision and that it was sending her claim file for a fourth file review.

44. On August 29, 2019, Ms. Dulude wrote to Sun Life, explaining that it was out of time to render a decision on her appeal, and that it was unjustified in further delaying its decision and reinstatement of benefits.

45. Upon information and belief, Sun Life requested the fourth file review in an effort to develop a record to support its arbitrary and capricious benefit denial.

46. On September 3, 2019, Sun Life wrote to Ms. Dulude, wrongly asserting that it had until September 10, 2019 to render an appeal decision and stating: "the actions taken during our appeal review are intended to effectively evaluate the evidence and arguments Ms. Dulude has presented. It has always been our aim to provide Ms. Dulude with a full and fair appeal review."

47. Upon information and belief, if Sun Life was genuinely engaged in a full and fair review, and discharging its fiduciary duties solely in the interest of Ms. Dulude, it would have reinstated benefits after receiving Ms. Dulude's July 12, 2019 letter, rather than working to develop a record to support its arbitrary and capricious benefit denial.

48. As of the time of filing this complaint, Ms. Dulude has not received a decision from Sun Life on her administrative appeal.

49. Sun Life failed to render a decision on Ms. Dulude's LTD and LWOP appeal in violation of the terms of the Plan.

50. Sun Life failed to render a decision on Ms. Dulude's appeal in violation of 29 C.F.R. §§ 2560.503-1(i)(1)(i) and 2560.503-1(i)(3)(i).

51. As a result of Sun Life's failure to respond to Plaintiff's LTD appeal, Plaintiff's appeal is deemed denied.

52. As a result of Sun Life's failure to respond to Plaintiff's LWOP appeal, Plaintiff's appeal is deemed denied.

53. Further efforts by Plaintiff to exhaust administrative remedies would be futile.

54. In failing to render a decision on Ms. Dulude's appeal, Sun Life failed to satisfy the applicable standard of care provided in 29 C.F.R. §2560.503-1, which sets forth the minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries.

55. A decision made in the absence of the procedural protections of 29 C.F.R. §2560.503-1 should not be entitled to any judicial deference.

56. Upon information and belief, Sun Life failed to follow a reasonable claims procedure that would yield a decision on the merits of Ms. Dulude's claims.

57. Sun Life failed to exercise any discretion that it purports to have reserved under the Plan.

58. Ms. Dulude's claims should be reviewed *de novo* by the court.

59. At all relevant times, Ms. Dulude has been disabled and entitled to both LTD and LWOP benefits under the terms of the Plan.

60. Upon information and belief, Sun Life failed to comply with its own internal guidelines, including but not limited to, those pertaining to the timing of benefit determinations on appeal.

61. Upon information and belief, Sun Life's failure to comply with its own internal guidelines and 29 C.F.R. §2560.503-1, was not inadvertent or harmless.

62. Ms. Dulude has been prejudiced by Sun Life's wrongful denial of benefits and Sun Life's failure to render a timely appeal decision.

63. Sun Life's wrongful denial of benefits and failure to render a timely appeal decision has deprived Ms. Dulude of benefits owed to her.

64. Upon information and belief, Sun Life was responsible for paying Ms. Dulude's LTD benefits.

65. Upon information and belief, Sun Life was responsible for providing Ms. Dulude's LWOP benefits.

66. Upon information and belief, Sun Life had a financial conflict of interest serving as (a) the fiduciary to determine Plan beneficiaries' entitlement to LTD and LWOP benefits, and (b) the entity responsible for paying such benefits from its own assets.

67. Upon information and belief, Sun Life had a financial incentive to terminate Ms. Dulude's Plan benefits.

68. Upon information and belief, Sun Life had a financial incentive to delay determination of Ms. Dulude's appeal.

69. Upon information and belief, Sun Life made errors administering Ms. Dulude's appeal that were the result of Sun Life's conflict of interest.

70. Upon information and belief, Sun Life's wrongful conduct during the administration of Ms. Dulude's claims was the result of Sun Life's conflict of interest.

71. Upon information and belief, Sun Life's decision to terminate benefits was the result of Sun Life's conflict of interest.

72. Upon information and belief, Sun Life's failure to render an appeal decision was the result of Sun Life's conflict of interest.

73. Based on the evidence submitted to Sun Life or otherwise available to Sun Life, establishing that Plaintiff has met the Plan's definitions of disability for both LTD and LWOP benefits, and other conditions for full coverage continuously since the onset of her disability to the present, Plaintiff is entitled to payment of all Plan benefits owed to her plus interest on all improperly withheld payments.

## COUNT I
### (Enforcement of Plaintiff's Rights Under the Plan – ERISA 29 U.S.C. §1132(a)(1)(B))

74. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

75. Plaintiff is entitled to enforcement of all of her rights under the Plan, including but not limited to, payment of all past and present monthly long-term disability benefits and reinstatement of her life insurance waiver of premium benefits.

76. Plaintiff is entitled to interest on all overdue payments.

77. Because Sun Life failed to respond to Plaintiff's appeal, her appeal should be deemed denied and this case should be reviewed *de novo*.

78. Under the terms of the Plan, Sun Life has no discretion, therefore, the Court's review of Plaintiff's claim is *de novo*.

79. Pursuant to R.I.G.L. §§ 27-18-79 and 27-4-28, Sun Life has no discretion under the Plan, therefore, the Court's review of Plaintiff's claim is *de novo*.

## COUNT II
### (Breach of Fiduciary Duty Under the Plan – ERISA 29 U.S.C. §1104)

80. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

81. To the detriment of Plaintiff, Sun Life failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plans.

82. To the detriment of Plaintiff, Sun Life failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man

acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

## COUNT III
### (Clarification of Plaintiff's Rights to Future Benefits Under the Terms of the Plan – ERISA 29 U.S.C. §1132(a)(1)(B))

83. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

84. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to clarification of her rights to future benefits under the terms of the Plan.

85. Plaintiff seeks a declaration that she has been continuously disabled under the terms of the Plan from February 10, 2015 through the present, and that she is entitled to any and all benefits wrongfully withheld for said period, as well as reinstatement of her life insurance waiver of premium benefits.

86. Plaintiff further seeks a declaration that she is entitled to interest on all benefits determined to have been wrongly withheld from her under the Plan.

## COUNT IV
### (Declaration of Plaintiff's Rights Under the Plan – 28 U.S.C. §2201)

87. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

88. Based on the above asserted facts and allegations, this matter constitutes a case in controversy under the Declaratory Judgment Act, 28 U.S.C. §2201 and Plaintiff is entitled to a declaratory judgment establishing her rights under the Plan.

89. Plaintiff seeks a declaration that she has been continuously disabled under the terms of the Plan from February 10, 2015 through the present, and that she is entitled to any and all benefits wrongfully withheld under the Plan for said period, as well as reinstatement of her life insurance waiver of premium benefits.

90.     Plaintiff further seeks a declaration that she is entitled to interest on all benefits determined to have been wrongly withheld from her under the Plan.

WHEREFORE, Plaintiff prays for the following relief:

A.      That the Court enter judgment in Plaintiff's favor and against the Defendant and that the Court order the Defendant to pay LTD income benefits to Plaintiff in the amount equal to the contractual amount of benefits to which Plaintiff is entitled.

B.      That the Court order the Defendant to reinstate Plaintiff's LWOP benefits.

C.      That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment

D.      That the Court order the Defendant to continue paying Plaintiff benefits until such time as Plaintiff meets the policy conditions for discontinuance of benefits.

E.      That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g).

F.      That the Court enter declaratory judgment clarifying and establishing Plaintiff's rights under the Plan.

G.      For such other legal or equitable relief as this Court deems just and proper, as well as the costs of suit.

The Plaintiff hereby designates J. Scott. Kilpatrick as Trial Counsel in this matter.

Plaintiff, by her attorneys,

*/s/* J. Scott Kilpatrick
J. Scott Kilpatrick, Esq. (#4036)
jskilpatrick@cck-law.com
Mason J. Waring, Esq. (#7737)
mwaring@cck-law.com
Leah Small, Esq. (#9701)
lsmall@cck-law.com
Chisholm Chisholm & Kilpatrick LTD
321 S Main St #200
Providence, RI 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile